STATE OF NORTH CAROLINA v. DENNIS GIBSON
No. 68SC217

(Filed 14 August 1968)

1. Criminal Law § 75—    confessions — voluntariness — promise by officer inducing a confession

   The confession of a fifteen year old defendant is rendered involuntary where the officer to whom defendant confessed promised defendant prior

to the confession that "if he knew anything about this, if he would tell me, I would in any way assist him or help him as a youngster."

**2. Criminal Law § 76—   involuntary confession — subsequent confession presumed involuntary**

   Where an accused has made an involuntary confession, any subsequent confession is presumed to proceed from the same vitiating influence, and the burden is on the State to establish the voluntary character of the subsequent statement before it can be received in evidence.

APPEAL by defendant from *Snepp, J.,* 25 March 1968 Regular Criminal Session, GASTON Superior Court.

Defendant was charged with first-degree burglary and the larceny of an automobile of the value of more than $200.00. He was found guilty of breaking and entering with intent to commit a felony and of larceny of an automobile of the value of less than $200.00. At the time of his arrest, defendant was 15 years old. At the time of his trial, he was 16 years old. The record reveals that he had been declared an incorrigible by the juvenile court. The record also reveals that he had run away from training school three times. At the request of his attorney, the court ordered his commitment to Dorothea Dix Hospital for the purpose of "testing and evaluation to determine the defendant's mental ability to properly stand trial, plead to the indictments and defend himself." The report was that defendant "is able to plead to the Bill of Indictment and he is able to understand the charges against him." After his return to the Gaston County jail, he was involved in a disturbance creating a near riot, and on petition of the sheriff, was transferred to Central Prison. At his trial he entered a plea of not guilty. From the judgment of the court on the verdict, he appeals.

   *Joseph B. Roberts, III for defendant appellant.*

   *T. Wade Bruton, Attorney General, by George A. Goodwyn, Assistant Attorney General, for the State.*

MORRIS, J.

Appellant assigns as error the ruling of the court that his confession to Officer Setzer was freely and voluntarily made.

Officer Setzer testified on *voir dire* as follows: That he came on duty at 6 o'clock a.m. on 11 October 1967; that two other officers brought defendant into the police station at approximately 7 o'clock a.m.; that defendant was in custody at that time; that he talked to defendant and advised him that he had the right to remain silent,

that he had the right to have counsel, that "he had a right to the advice" and could call some of his relatives, and anything asked him could be used against him and he (defendant) didn't have to tell him anything if he didn't want to; that he didn't have to say anything without having an attorney present and if he needed an attorney, one would be obtained for him if he couldn't afford it; that defendant advised that he didn't know anything at that time about what he was talking about.

"Q.  And then what happened?

"A.  I further questioned Dennis . . . if I'm permitted to say this, I have known Dennis for several years and I have had occasions to talk to Dennis in the police station, and I advised Dennis if he knew anything about this, if he would tell me, I would in any way assist him or help him as a youngster."

Defendant then related to Officer Setzer the events in connection with the charges against him. Officer Setzer further testified that defendant had been at the police station about 30 minutes when he made the statements involving himself in the crime; that defendant told him that he was 14 years of age; that he had known defendant and that defendant had frequently dropped by the station to talk with the officers, as other youngsters did; that at the time he was not aware that defendant had been in Jackson Training School; that by his statement that he would assist defendant or help him in any way he could he meant "By knowing Dennis, whatever I could do to help him — any advice or anything he wanted me to assist him with."

We are not able to distinguish this case from *State v. Woodruff*, 259 N.C. 333, 130 S.E. 2d 641, where the sheriff told the defendant that "if he would help me out on this thing I would certainly appreciate it" and "if he would help us on this thing, we would certainly try to help him", and *State v. Fuqua*, 269 N.C. 223, 152 S.E. 2d 68, where the officer testified on *voir dire* as to his conversation with defendant, "Yes, sir, I told him if he wanted to talk to me then I would be able to testify that he talked to me and was cooperative." In both these cases, our Supreme Court held that these statements constituted a type of promise which aroused in the defendant some hope and were sufficient to render the confession involuntary.

In this case, we are cognizant of the fact that this defendant was not unfamiliar with police routine, that he had been in training school, had run away three times, and had been declared an incorrigible. Nevertheless, he is entitled to the same protection of careful procedures to assure the voluntariness of his confession as our Court has assured to other defendants.

In *State v. Roberts,* 12 N.C. 259, 261-262, a landmark decision in the area of free and voluntary confessions, the Court said:

"Confessions are either voluntary or involuntary. They are called voluntary when made neither under the influence of hope or fear, but are attributable to that love of truth which predominates in the breast of every man, not operated upon by other motives more powerful with him, and which, it is said, in the perfectly good man cannot be countervailed. These confessions are the highest evidences of truth, even in cases affecting life. But it is said, and said with truth, that confessions induced by hope or extorted by fear are, of all kinds of evidence, the least to be relied on, and are therefore entirely to be rejected."

The fact that this defendant was a juvenile delinquent does not dispel the compelling conclusion that the statement of Officer Setzer aroused in defendant some hope and that this emotion of hope induced the confession. We do not think the confession can be considered as freely and voluntarily given within the meaning of our decisions. It was, therefore, inadmissible.

Statements made to Charles Huggins and to Officer Hand are likewise inadmissible. They were made within a short time after the statement to Officer Setzer.

"Where a confession has been obtained under circumstances rendering it involuntary, any subsequent confession is presumed to proceed from the same vitiating influence, and the burden is on the State to establish the voluntary character of the subsequent confession before it can be received in evidence." *State v. Hamer,* 240 N.C. 85, 88, 81 S.E. 2d 193.

The State did not carry this burden.

Other assignments of error addressed to the failure of the court to grant defendant's motion for nonsuit and to portions of the judge's charge are not considered, because there must be a

New trial.

CAMPBELL and BRITT, JJ., concur.