STATE OF NORTH CAROLINA v. ROBERT MUSE

No. 711SC94

(Filed 26 May 1971)

**Criminal Law § 75— involuntary statement by defendant — officer's promise of help**

Statement made by defendant in jail was rendered involuntary by S.B.I. agent's offer to "let it be known" if defendant gave him any information in solving cases.

APPEAL by defendant from *Rouse, J.,* 22 September 1970 Session of Superior Court held in CAMDEN County.

The defendant was charged in a bill of indictment with breaking and entering a building occupied by City Motor Parts, Inc. of Elizabeth City, with larceny of personal property located therein, and with receiving stolen goods, knowing them to be stolen. The bill of indictment was returned in Pasquotank County; on motion of the defendant for a change of venue, the case was transferred to the Superior Court of Camden County for trial. The defendant was tried only upon the charge of receiving stolen goods. He pleaded not guilty. From a verdict of guilty, defendant appeals.

*Attorney General Robert Morgan by Assistant Attorney General William F. Briley for the State.*

*Worth and Beaman by Grafton G. Beaman for defendant appellant.*

VAUGHN, Judge.

Appellant contends that the court erred in its findings entered after *voir dire* as to whether his confession was voluntary, and in allowing into evidence incriminating statements

amounting to a confession. The evidence shows that S.B.I. Officer O. L. Wise stated that he visited the defendant in his jail cell and had a conversation with him. At that point, counsel for defendant entered an objection, and a *voir dire* was conducted. Officer Wise's testimony on *voir dire* is, in substance, as follows: Officer Wise made several visits to defendant's jail cell between 12 June 1969 and 15 July 1969. Each visit to the defendant's cell was a result of defendant's request to see him. The defendant stated on several of these visits that he did not understand why his bond was so high; that he had a family and could not support his family by being in jail, and he could not employ counsel unless he could get out of jail and go to work. He asked the officer to help him do something to get his bond lowered. The officer tried to contact a judge but was unable to do so and so advised the defendant. The defendant indicated he might have some information that would be of interest and value to the officer. The officer told the defendant that if he could help the officer in solving any crimes he would appreciate it. "He still wanted me to help assist in getting the bond lowered." The officer told the defendant that he was a police officer and could not make any promises. The officer did however, tell the defendant that if he gave him any information in solving any case that "I would let it be known." Officer Wise said that he did not caution defendant of his constitutional rights because he did not go to the jail to interrogate defendant, but went there at defendant's request. Officer Wise said all of defendant's statements were voluntarily made, without any prompting from him. The defendant did not offer any evidence on *voir dire*. Judge Rouse found facts in substance as follows: At no time were the discussions with the defendant initiated by Officer Wise. Mr. Wise did not request the defendant to make a statement with respect to the alleged breaking and entering of City Motor Parts, Inc. and larceny of tools therefrom. The information and statements of the defendant were volunteered. This was not a custodial interrogation wherein the questioning was initiated by a law enforcement officer. There is nothing to indicate any lack of intelligence of the defendant. Judge Rouse concluded that the statements were voluntarily and understandingly made, and admissible as evidence in this case. The jury returned and the officer related the statements made to him by defendant with reference to the tools.

This court must decide as a matter of law whether the circumstances of this case rendered the confession inadmissible. *State v. Fuqua,* 269 N.C. 223, 152 S.E. 2d 68. In doing so, we will again bring forward the following from *State v. Roberts,* 12 N.C. 259:

> "Confessions are either voluntary or involuntary. They are called voluntary when made neither under the influence of hope or fear, but are attributable to that love of truth which predominates in the breast of every man, not operated upon by other motives more powerful with him, and which, it is said, in the perfectly good man cannot be countervailed. These confessions are the highest evidences of truth, even in cases affecting life. But it is said, and said with truth, that confessions induced by hope or extorted by fear are, of all kinds of evidence, the least to be relied on, and are therefore entirely to be rejected."

The defendant was in custody and without counsel. He had reason to believe that the officer would act as an intercessor with the court in an effort to get his bond reduced. In fact the officer did attempt to contact a judge and the defendant was so advised. The defendant told the officer he had information that would be of value and was told that such information would be appreciated. Although the officer told the defendant that he knew he could not make any promise, he also told him, "If he gave me any information in solving any cases that I would *let it be known.*" "[A] confession obtained by the slightest emotions of hope or fear ought to be rejected." *State v. Roberts, supra.* The total circumstances surrounding the defendant's statement to the officer compel us to hold as a matter of law that it was prompted by an "emotion of hope" and thus was involuntary. *State v. Fuqua, supra; State v. Woodruff,* 259 N.C. 333, 130 S.E. 2d 641; *State v. Gibson,* 2 N.C. App. 187, 162 S.E. 2d 627. Its admission in evidence was error. Since there must be a new trial, we do not discuss the other assignments of error brought forward by the defendant.

New trial.

Chief Judge MALLARD and Judge PARKER concur.